WOODWORTH v. BYERLY ET AL.

1. **Practice in the Supreme Court:** BILL OF EXCEPTIONS. Affidavits impugning the correctness of a bill of exceptions signed by the judge will not be considered by the Supreme Court, unless they are presented to sustain another bill of exceptions purporting to contain a correct statement of the evidence, and signed by two bystanders.

2. **Vendor and Vendee:** FRAUDULENT SALE. A sale of personal property without a change of possession or visible change of ownership raises the presumption that the sale is fraudulent.

3. **Practice:** FINDING OF THE COURT: VERDICT. Where there is evidence tending to support the finding of the court it will be sustained, like a verdict of the jury under similar circumstances.

*Appeal from Jones District Court.*

THURSDAY, APRIL 20.

ACTION to recover the value of certain personal property which the petition states was owned by the plaintiff, and that the defendants wrongfully took and converted to their use and benefit. The answer alleges that the defendant, Garvie, had a judgment against one Charles Sheen, on which an execution was issued, and placed in the hands of defendant Byerly, who was sheriff, and who, by virtue of such execution, levied on the property in dispute and took the same into his possession

as such sheriff, that the said property belonged to said Sheen and that the same was afterwards sold by said sheriff, and the proceeds applied as a payment on the execution, leaving, however, a balance unpaid.

The defendants set up a counter claim, and alleged that plaintiff took a portion of the property after the levy, and converted the same to his own use; and that it was understood and agreed, if defendants' title or claim to said property should be held good and sufficient by virtue of said execution and levy, the plaintiff should pay for said property taken by him. The cause was submitted to the court who found for the defendants, and rendered judgment accordingly. The plaintiff appeals.

*Monroe & Herrick*, for appellants.

A transfer by an insolvent debtor of his property, in discharge of a pre-existing debt, he having other creditors known to the transferee, is not fraudulent *per se*, and such transfer is valid against other creditors of the debtor. (*Cowles v. Rickets*, 1 Iowa, 582; *Johnson v. McGreer*, 11 Id., 152; *Sisson v. Roath*, 30 Conn., 15.) Fraud is never presumed, but must be sustained by clear and unmistakable proof. (*Sheffield & Co., v. Blind*, 33 Iowa, 175; *Hamilton v. Bishop*, 22 Id., 211; *Dakes v. Harrison*, 24 Id., 179; *Hughes v. Monty*, Id., 499.)

*Sheean & McCarn*, for appellees.

The judgment of the court below is not to be disturbed unless it is clearly against the weight of the testimony. (*Slate v. Lyon*, 10 Iowa, 240; *Boggs v. The C. & N. W. R. Co.*, 29 Id., 577.)

SEEVERS, CH. J.—I. The court signed a bill of exceptions setting out the evidence, the parties being unable to agree in relation thereto. It is now urged that the bill of exceptions signed by the court does not contain a correct statement of the evidence. This claim is made by the appellant. No bill of exceptions was signed by

1. PRACTICE in the supreme court: bill of exceptions.

bystanders as contemplated in Sec. 2835 of the Code. But the correctness of the exceptions is impugned by affidavits which were before the court at the time the exceptions were settled. These affidavits cannot be considered by us; there is no warrant in the Code for their presentation here. If the court refuses to sign a bill of exceptions when presented or in the opinion of a party signs an incorrect one, the mode pointed out in the Code must be pursued. That is, two bystanders should be procured to sign the bill which may be supported and controverted by affidavits. The signature of bystanders not having been procured to a bill of exceptions, the defendants were authorized to treat the affidavits as nullities and decline to file any counter affidavits.

II. The only remaining question is, whether the plaintiff or Sheen was the owner of the property in dispute at the time 2. VENDOR and of the levy. The property consisted of wheat and vendee: fraudulent sale. oats raised by Sheen, which the plaintiff claims to have purchased in July, and applied the amount agreed to be paid therefor on certain indebtedness due him from Sheen. The levy was made in August. Several witnesses were examined and many facts and circumstances adduced bearing on the question of good faith in the alleged sale. Sheen remained in possession of the property and there was no visible change in the ownership after the alleged sale. No one can read the testimony and say there was no evidence tending to show the sale to be fraudulent; on the contrary, there were several circumstances in the testimony which the law styles badges of fraud.

Under these circumstances we cannot disturb the finding of the court, which should have the force and effect of a verdict of a jury.

AFFIRMED.